Ronald S. Luedemann Regional Attorney Department of Health, Education and Welfare — Region VIII Federal Office Building 19th and Stout Street Denver, Colorado 80294
Dear Mr. Luedemann:
This opinion is in response to a letter from Thomas A. Nelson, deputy regional attorney, Department of Health, Education and Welfare, dated September 13, 1979, in which your office requested the opinion of this office regarding the above stated subject.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents the following questions:
1. Is there a state constitutional or statutory prohibition which precludes the state or its political subdivisions from making payments to its employees as sick pay, which is excluded from the definition of wages under the Social Security Act?
 No, there is no such constitutional or statutory provision, and, in fact, C.R.S. 1973, 24-51-701(6.5) and 24-51-704(5) (Supp. 1979), authorize political subdivisions within the state to exclude sick pay from wages covered under the Social Security Act.
2. Is there any other legal basis either to authorize or preclude the state or its political subdivisions from excluding such pay from wages covered under the Social Security Act?
 No, there is no other such applicable law, but C.R.S. 1973, 24-51-701(6.5) (Supp. 1979) and 24-51-704(5) are sufficient to authorize the exclusion of such pay from wages covered under the Social Security Act.
ANALYSIS
Your opinion request deals with the general question of the legal power of the state and/or any of its political subdivisions to make payments to or on behalf of employees which are not covered wages for social security purposes. The Social Security Act allows for such payments to be excluded from the definition of covered wages, and thus exempted from the Social Security tax, as follows:
 (I)n the case of remuneration . . . (wages) shall not include:
 (b) The amount of any payment (including any amount paid by an employer for insurance or annuities, or into a fund, to provide for any such payment) made to, or on behalf of, any employee or any of his dependents under a plan or system established by an employer which makes provision for his employees generally (or for his employees generally and their dependents), or for a class or classes of his employees and their dependents), on account of (1) retirement, or (2) sickness or accident disability, or (3) medical or hospitalization expenses in connection with sickness or accident disability, or (4) death . . .
. . . .
 (d) Any payment on account of sickness or accident disability, or medical or hospitalization expenses in connection with sickness or accident disability, made by an employer to, or on behalf of, an employee. . . .
42 U.S.C.A. 409(b) and (d).
The only Colorado constitutional or statutory prohibition which precludes the state or its political subdivisions either from making donations of public funds or from making payments to its employees, other than remuneration for employment, appears to be article V, section 34 of the Colorado Constitution, which states:
 No appropriation shall be made for charitable, industrial, educational or benevolent purposes to any person, corporation or community not under the absolute control of the state, nor to any denominational or sectarian institution or association.
It is my opinion that the payments by the state to its employees of sick pay, which is not remuneration for employment and therefore not covered wages under the Social Security Act, do not violate this section of the constitution since the payments are not being made for any of the purposes forbidden by the constitution. C.R.S. 1973, 10-8-201 et seq., which deals with the provision of group health insurance for Colorado state employees, has been enacted with the stated purpose:
 (1)(a) To enable the state to attract and retain qualified employees by providing group insurance benefits similar to these commonly provided in private industry.
The purpose of the payment in question would seem to be similar to that of providing group health insurance and is clearly for the public purpose of maintaining employment in the State of Colorado. There is case law in Colorado, notably Bedford v.White, 106 Colo. 439, 106 P.2d 469 (1940), which holds that if payments are for a public purpose, the incidental fact that the recipients are private persons does not violate the constitutional provisions. As the court states inBedford:
 If it can be seen that the purpose sought to be obtained is a public one and contains the elements of public benefit, the question how much benefit is thereby derived by the public is one for the Legislature and not the courts.
106 P.2d at 476.
Since the essential purpose of the payments is public, it would seem that the payments at issue would not be violative of article V, section 34 of the Colorado Constitution.
With respect to your suggestion that other portions of the Colorado Constitution may be applicable, neither article XI, section 1, which prohibits pledging the credit of the state in aid of private or public entities, nor article IX, section 2, which prohibits aid to corporations, nor article XI, section 3, which mandates that the public school fund shall forever remain inviolate and intact, appears to be relevant to your stated question.
C.R.S. 1973, 24-51-701 (6.5) and 24-51-704(5) (Supp. 1979) are sufficient to authorize, although not require, political subdivisions in Colorado to exclude from wages "sick pay" as outlined in section 209(b) or (d) of the Social Security Act. If such plan or system is approved by the Division of Labor and Employment, the statutes clearly state that the exclusion is permissible:
 C.R.S. 1973, 24-51-701(6.5) "Sick pay" means any payment made on account of sickness or accident disability of the type outlined in section 209 (b) or (d) of the social security act.
 C.R.S. 24-51-704(5) Each political subdivision may exclude from wages such payment made under a plan or system if such plan or system is approved by the division. This subsection (5) shall authorize a political subdivision to establish a plan or system as required under section 209 (b) of the social security act.
SUMMARY
Article V, section 1 of the Colorado Constitution vests in the General Assembly the legislative power of the state. Under this power, the legislature may enact the above-cited statutory provisions, which are binding and valid. No other statute is required in order to set up exclusion from wages of sick pay for social security purposes.
I know of no other constitutional, statutory, common law or other basis which would prohibit or constrain the state or its subdivisions from making payments to employees as sick pay which are not wages under the Social Security Act, nor do I know of any other legal basis authorizing the state to make such payments.
Very truly yours
 J.D. MacFARLANE Attorney General
SOCIAL SECURITY SALARIES
C.R.S. 1973, 24-51-701(6.5) C.R.S. 1973, 24-51-704(5)
Colo. Const. art. V, § 34
LABOR EMPLOYMENT DEPT. Pess Public Emp Soc Sec.
Colorado state law regarding payments by the state to its employees which are not remuneration for employment and therefore not covered wages under social security act